IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BANG, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| vs. ) | 1:14-cv-02536-CAP-WEJ |
| ) | |
| FIRST FINANCIAL ASSET ) | |
| MANAGEMENT, INC., AKA FIRST ) | |
| FINANCIAL ASSET MANAGEMENT ) | |
| AKA FFAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW, First Financial Asset Management, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Defendant had prior express consent to contact Plaintiff on her cellular telephone.

### SIXTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

### NATURE OF ACTION

1. Defendant admits that Plaintiff seeks monetary damages.  Defendant denies that Plaintiff is entitled to any damages.

2. Defendant denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant denies the FDCPA is codified as "15 U.S.C. § 1680 – 1681 et seq." Defendant denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Defendant admits this Court has subject matter jurisdiction over the Plaintiff's FDCPA claims. Defendant denies Plaintiff is entitled to any damages.

7. Defendant admits venue is proper in this Court.

8. Defendant admits this Court has subject matter jurisdiction over the Plaintiff's FDCPA and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, claims. Defendant denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits that venue in this Court is proper.

10. Defendant admits that venue in this Court is proper.

11. Defendant admits that venue in this Court is proper.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant admits this Court has jurisdiction over the Defendant.  Defendant admits it conducts business within the state.  Defendant admits it is in the business of collecting unpaid accounts.

14. Defendant admits in certain circumstances it may be considered a debt collector under the FDCPA.

15. Defendant admits Plaintiff asserts causes of action relating to its attempts to collect an unpaid account.

16. Defendant admits this Court has jurisdiction over the Defendant.  Defendant denies the remaining allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant admits this Court has jurisdiction over the Defendant.

18. Defendant admits that venue in this Court is proper.

19. Defendant admits Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

21. Defendant admits attempting to call Plaintiff on May 21, 2014 at approximately 12:31 pm.  Defendant denies the remaining allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits attempting to call Plaintiff on May 22, 2014 at approximately 11:58 am.  Defendant denies the remaining allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant denies it spoke with Plaintiff on May 22, 2014.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant admits attempting to call Plaintiff on May 24, 2014 at approximately 10:14 am.  Defendant denies the remaining allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant admits attempting to call Plaintiff on May 28, 2014 at approximately 2:20 pm.  Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

- 7 -

37. Defendant admits Plaintiff asked the representative on the May 28, 2014 telephone call to state who he was speaking with.  Defendant denies the remaining allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant admits that Plaintiff stated he was going to record the conversation.  Defendant admits that Mr. Washington stated "okay, no problem."  Defendant denies the remaining allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. Defendant admits he requested a fax of the "first notice." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47. Defendant admits the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49. Defendant admits the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

## COUNT I
## VIOLATION FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.

56. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

57. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. Defendant admits in certain circumstances it may be considered a debt collector under the FDCPA.  Defendant denies the remaining allegations contained in Paragraph 58, including its subparts, and in Count I of the Plaintiff's Complaint.

## COUNT II
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. § 227(b)(2)(5)

59. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

60. Defendant denies the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of August, 2014

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BANG, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| vs. ) | 1:14-cv-02536-CAP-WEJ |
| ) | |
| FIRST FINANCIAL ASSET ) | |
| MANAGEMENT, INC., AKA FIRST ) | |
| FINANCIAL ASSET MANAGEMENT ) | |
| AKA FFAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant's Answer using the CM/ECF system and I deposited a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Michael Bang
2849 Meadow Drive
Marietta, Georgia 30062

Respectfully submitted this 13th day of August, 2014

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473